IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BIATRIS CASILLAS SAAVEDRA, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-01387-ESC |
| vs. | § § § | |
| ANDREW SAUL, COMMISSIONER SOCIAL SECURITY; | § § § § | |
| *Defendant.* | § § | |

## **ORDER**

  This order concerns Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#17]. By her motion, Plaintiff asks the Court to award her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action. The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust. *Id.*

  The record reflects that on June 1, 2020, the Court granted the Commissioner's unopposed motion to remand for further administrative proceedings [#15]. That same day, the Court issued a Final Judgment vacating the Commissioner's administrative determination finding Plaintiff not disabled and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#16].

  The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees

under the EAJA.  *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).  The parties filed a Joint Stipulation for EAJA Fees on this day [#19], in which they indicate that the Commissioner has stipulated to an award of $4,223.83 in attorney's fees plus $16.80 in expenses under the EAJA.  The stipulation also states that payment of this amount shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to EAJA fees in connection with this action.  Finally, the parties agree that the EAJA award is without prejudice to the right of Plaintiff's attorney to seek fees pursuant to Social Security Act § 206(b), 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.  *See* 28 U.S.C. § 2412(c)(1).

Having reviewed the motion and the record in this case, and in light of the lack of opposition on the part of the Commissioner, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case, and the Court will grant Plaintiff's motion for an award of fees and expenses in the requested amount of $4,223.83 in fees and $16.80 in expenses.  The Court will also enter an order memorializing the other aspects of the parties' stipulation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#17] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $4,223.83 in attorney's fees and $16.80 in expenses made payable to Plaintiff and mailed to Plaintiff's counsel at his address on record.

**IT IS FURTHER ORDERED** that Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

**IT IS FINALLY ORDERED** that Defendant's payment of this amount is without prejudice to Plaintiff's right to seek attorney fees under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

**IT IS SO ORDERED**.

SIGNED this 3rd day of September, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE